IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI EMMANUEL, | No. C 09-4277 CW (PR) |
|     Petitioner, | |
|   v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| RANDY TEWS, Warden, | |
|     Respondent. | |

Petitioner Cheri Emmanuel brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. In opposing the petition, Respondent Randy Tews[1] argues, among other things, that it should be denied because Petitioner has not exhausted her administrative remedies. Petitioner has not filed a traverse, although she was provided with the opportunity to do so. Having considered the arguments raised in the petition and the answer thereto, the Court denies the petition.

BACKGROUND

Petitioner is serving a 120 month sentence for possession with intent to distribute a controlled substance. She is incarcerated at the satellite Federal Prison Camp at Camp Parks (SCP) in Dublin, California, where Respondent is warden. Her projected release date is September 2, 2014.

In the instant petition, Petitioner claims the Bureau of

---

[1] In accordance with Rule 2(a) of the Rules Governing § 2254 Proceedings and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court substitutes Randy Tews as Respondent because he is now Petitioner's custodian.

Prisons (BOP) has failed to apply its regulations properly to designate her placement in a Residential Re-entry Center (RRC). Specifically, she argues that, even though federal regulations require that the BOP consider inmates for twelve months of community confinement in an RRC prior to release, BOP policy provides otherwise. Consequently, she asks the Court to order the BOP to exercise its discretion to place her in an RRC for twelve months prior to six months of home confinement. She concedes that she has not exhausted her administrative remedies through the BOP's administrative appeals process concerning this issue, but maintains that BOP staff have told inmates at SCP that all requests concerning RRC placement will be denied categorically.

## DISCUSSION

The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).[2] The requirement may be waived in limited circumstances, including when pursuit of administrative remedies would be futile. See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

The BOP has established procedures by which inmates can seek review of "an issue relating to any aspect" of an inmate's confinement. 28 C.F.R. § 542.10. The procedures apply to all

---

[2] Because exhaustion is required under this authority, the Court need not consider Respondent's argument that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, also requires exhaustion of administrative remedies in this case.

2

inmates in programs operated by the BOP. Id. The inmate first must attempt informal resolution of the issue with prison staff. 28 C.F.R. § 542.13(a). If the inmate is unable to resolve the issue informally, the inmate must submit a written administrative appeal to the warden. 28 C.F.R. § 542.14(d). An inmate who is not satisfied with the warden's response at the institutional level may then submit an appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel of the BOP. Id.

Petitioner argues in her petition that pursuing administrative remedies would be futile because BOP staff have stated publicly at meetings with SCP inmates that it would be a waste of inmates' time to pursue administrative remedies regarding RRC decisions. For the reasons discussed below, Petitioner's unsupported contention that administrative remedies would be futile does not persuade the Court to waive the exhaustion requirement herein.

As an initial matter, although Petitioner states in her petition that she is in the process of exhausting her administrative remedies (Pet. at 3 ¶ 5) she provides no additional facts or evidence to support her assertion. Respondent, however, has submitted a declaration from Bobbi Butler, a Correctional Program Specialist employed by the BOP, who attests that Petitioner, who filed the instant petition approximately five years before her projected release date, has not been considered yet for RRC placement and under BOP policy she will not be considered for such placement until seventeen to nineteen months before her

3

projected release date. Dec. Bobbi Butler Supp. Answer (Butler Dec.) ¶ 4. Additionally, Butler states that she has reviewed the administrative remedy logs maintained on the BOP computerized record-keeping database called SENTRY, and based on her review she has found no administrative remedy requests filed by Petitioner on this matter. Butler Dec. ¶¶ 1-3, 7.

Further, Respondent submits persuasive evidence that, even if BOP staff did tell Petitioner and other inmates that administrative requests for relief concerning RRC decisions would be denied categorically, such a statement is contrary to established BOP policy and cannot be relied upon by Petitioner to avoid exhaustion by assuming the BOP will deny her request for RRC placement. In particular, Respondent has submitted two BOP policy statements relevant to the BOP's consideration of inmates for RRC placement. Both statements were issued in response to implementation of the Second Chance Act of 2007.

The first statement, issued on April 14, 2008, concerns the consideration of inmates for pre-release RRC placement during their last twelve months of incarceration and explains that individualized placement decisions are required:

> The Act requires that pre-release RRC placement decisions be made on an individual basis in every inmate's case, according to new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b). See 18 U.S.C. § 3624(c)(6)(amended). As a result, the Bureau's categorical timeframe limitations on pre-release community confinement, found at 28 C.F.R. §§ 570.20 and 570.21, <u>are no longer applicable, and must no longer be followed</u>.

Butler Dec., Ex. 1 at 2 ¶ I(B) (emphasis in original).

Similarly, the second statement, issued on November 14, 2008, concerns the consideration of inmates for pre-release RRC placement

4

when more than twelve months remain from their projected release date and explains that individualized consideration must be given to each inmate's request for RRC placement:

> Inmates are legally eligible to be placed in an RRC at any time during their prison sentence. Federal Courts have made clear that RRCs <u>are</u> penal or correctional facilities within the meaning of the applicable statutes. Staff cannot, therefore, <u>automatically</u> deny an inmate's request for transfer to a[n] RRC. Rather, inmate requests for RRC placement must receive individualized consideration. In other words, staff <u>cannot</u> say that an inmate, whatever the circumstances, is <u>automatically ineligible</u> for transfer to a[n] RRC. Rather, staff must first review the inmate's request on its individual merits, in accordance with policy, and as explained in this guidance.

Butler Dec., Ex. 2 at 1-2 (emphasis in original).

The Court finds that the undisputed evidence presented by the parties in this matter shows that Petitioner has not yet been considered for RRC placement, BOP policy requires the individualized consideration of each inmate's request for such placement and Petitioner has not pursued any administrative remedies concerning her RRC placement. Based on this evidence, the Court concludes that Petitioner is not entitled to waiver of the exhaustion requirement. Accordingly, the petition for a writ of habeas corpus will be DENIED for failure to exhaust administrative remedies.[3]

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (COA). See 28 U.S.C. § 2253(c); Fed. R. App. P.

---

[3] Because the Court has denied the petition for failure to exhaust, the Court does not reach Respondent's other arguments raised in opposition to the petition.

5

22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

Here, jurists of reason would not find it debatable whether the Court was correct in its procedural ruling. Accordingly, a COA will not issue. Petitioner may seek a COA from the Court of Appeals.

## CONCLUSION

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus without prejudice to Petitioner filing a new one after exhausting the BOP's administrative appeals process. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 9/12/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHERI EMMANUEL,

      Plaintiff,

v.

PAUL COPENHAVER et al,

      Defendant.

Case Number: CV09-04277 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cheri Emmanuel Reg. #40476-048
Satellite Prison Camp
5675 8th St. Camp Parks
Dublin, CA 94568

Dated: September 12, 2011

      Richard W. Wieking, Clerk
      By: Nikki Riley, Deputy Clerk